In the Matter of NATIONAL BANK OF OXFORD, Judgment Creditor, against LEROY MESSENGER et al., Judgment Debtors.

County Court, Chenango County, September 2, 1948.

*C. Vernon Stratton* for judgment creditor.

*John R. Marshall* for judgment debtors.

BARNES, J. The judgment creditor has issued a subpœna upon a judgment pursuant to section 775 of the Civil Practice Act. This subpœna is entitled in the Supreme Court and bears the name of the Chenango County Judge and is signed by the attorney for the judgment creditor.

The judgment debtors have raised the question of the right to proceed in this way and argue that the subpœna is void on the ground that this section does not give the attorney for the judgment creditor the right to use the name of the county judge in a Supreme Court action upon a subpœna.

Section 77 of the Civil Practice Act provides that the county judge has general authority, sufficiently broad to warrant his

signing an order, requiring the judgment debtor to appear and be examined under the first subdivision of section 775. The second subdivision is intended as a short cut to the procedure set forth in the first subdivision and gives the attorney the right to issue the subpœna. When so issued, it carries the same authority as the order signed by the judge under the provisions of the first subdivision of section 775.

I think it was the intention of the Legislature to extend the power of the judge to sign this process to the attorney for the judgment creditor. The Legislature intended to simplify the use of the examination, rather than to complicate its use. It did not contemplate any restriction upon the right of the attorney to use the name and office of an officer, authorized to perform the duties of a justice of the Supreme Court at chambers or out of court.

The subpœna was issued in accordance with the provisions of law. The attorney for the judgment debtors may arrange a suitable time for the examination of the judgment debtors, and upon failure to do so, the judgment creditor may apply for a further order of this court.